# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1959

JAY R. BENNETT and JAMES W. KNIPFER,

*Plaintiffs-Appellants*,

v.

MATTHEW J. FRANK, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 03-C-714-S—**John C. Shabaz**, *Judge*.

_____

SUBMITTED DECEMBER 10, 2004—DECIDED JANUARY 19, 2005

_____


Before POSNER, KANNE, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal presents an issue of some novelty but little difficulty. The plaintiffs, inmates of Whiteville Correctional Facility, a private prison (owned by Corrections Corporation of America) that is under contract to the Wisconsin Department of Corrections, claim entitlement to the minimum wage provision of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. All their other claims have been waived.

The Fair Labor Standards Act is intended for the protection of employees, and prisoners are not employees of their

prison, whether it is a public or a private one. So they are not protected by the Act. *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992); *Tourscher v. McCullough*, 184 F.3d 236, 243 (3d Cir. 1999); *Villarreal v. Woodham*, 113 F.3d 202, 206 (11th Cir. 1997); *Nicastro v. Reno*, 84 F.3d 1446 (D.C. Cir. 1996) (per curiam); *Danneskjold v. Hausrath*, 82 F.3d 37, 42 (2d Cir. 1996); *Hale v. Arizona*, 993 F.2d 1387, 1395 (9th Cir. 1993) (en banc). Oddly, this is so only because of presumed legislative intent and not because of anything in the actual text of the FLSA. The Act unhelpfully defines "employee" as "any individual employed by an employer" and defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. §§ 203(e)(1), (d). There are some excepted classes of employees, § 203(e)(2), (3), (4), but prisoners are not among them. Although the minimum wage provision of the Act applies only to employees engaged in, or producing goods for, commerce or employed in an enterprise engaged in or producing goods for commerce, § 206(a)(1), we do not know whether Bennett and Knipfer were engaged in any such activities.

But we have no doubt that the cases we have cited are correct. People are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep. If it puts them to work, it is to offset some of the cost of keeping them, or to keep them out of mischief, or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside. None of these goals is compatible with federal regulation of their wages and hours. The reason the FLSA contains no express exception for prisoners is probably that the idea was too outlandish to occur to anyone when the legislation was under consideration by Congress.

We cannot see what difference it makes if the prison is private. Ideally, neither the rights nor the liabilities of a state

agency should be affected by its decision to contract out a portion of the services that state law obligates it to provide. Otherwise the "make or buy" decision (the decision whether to furnish a service directly or obtain it in the market) would be distorted by considerations irrelevant to the only thing that should matter: the relative efficiency of internal versus contractual provision of services in particular circumstances. But a simpler and more fundamental point is that employment status doesn't depend on whether the alleged employer is a public or a private body. Both public agencies and private firms have employees. But prisoners are not employees.

Our conclusion that the FLSA does not apply to Whiteville's inmates is reinforced by decisions that hold that a state prison does not lose its immunity from liability under the FLSA merely because it has hired a private company to manage the prison labor. *Gambetta v. Prison Rehabilitative Industries & Diversified Enterprises, Inc.*, 112 F.3d 1119, 1124-25 (11th Cir. 1997); *Danneskjold v. Hausrath*, *supra*, 82 F.3d at 43-44. A prison's decision to hire a catering firm to operate its cafeteria should not influence the entitlements of a prisoner who works in the cafeteria.

We have no quarrel with *Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990), or *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), which hold that the FLSA applies to prisoners working for private companies under work-release programs. Those prisoners weren't working as prison labor, but as free laborers in transition to their expected discharge from the prison. Unlike our plaintiffs.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*