United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

REVISED JULY 28, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10679
Summary Calendar

_____

DOUGLAS R LOVING

                    Plaintiff - Appellant

    v.

GARY L JOHNSON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

                    Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:

    Douglas R. Loving, Texas inmate # 611599, brought this
action asserting that he was entitled to the legal minimum wage
under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et
seq., for work he performed as a "drying machine operator" in the
prison laundry.  The district court dismissed the action as
frivolous and for failure to state a claim under 28 U.S.C.
§§ 1915 and 1915A, and 42 U.S.C. § 1997e.  In this court, Loving
contends that he is entitled to the federal minimum wage under
the FLSA because he meets the test for employee status under the

FLSA and because the FLSA does not specifically exempt prisoners from FLSA coverage.

Compelling an inmate to work without pay does not violate the Constitution. See Murray v. Miss. Dep't of Corr., 911 F.2d 1167, 1167 (5th Cir. 1990). The failure of a state specifically to sentence an inmate to hard labor does not change this rule. See Ali v. Johnson, 259 F.3d 317, 317-18 (5th Cir. 2001).

We have held that prisoners not sentenced to hard labor, who worked outside the jail for a private firm, were FLSA employees of the private firm. Watson v. Graves, 909 F.2d 1549, 1556 (5th Cir. 1990). In a similar situation, we held that a jailer was not the FLSA employer of an inmate working in a work-release program for a private employer outside the jail. Reimoneng v. Foti, 72 F.3d 472, 475-76 (5th Cir. 1996). We have also held that inmates who work inside a prison for a private enterprise are not FLSA employees of the private company. Alexander v. Sara, Inc., 721 F.2d 149, 150 (5th Cir. 1983). However, until today we have not expressly stated whether there is any FLSA employment relationship between the prison and its inmates working in and for the prison.

Other circuits uniformly hold that prisoners doing prison work are not the prison's employees under the FLSA. The Seventh Circuit recently explained that the FLSA

> is intended for the protection of employees, and prisoners are not employees of their prison. So they are not protected by the Act.
> . . . .

> People are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep. If it puts them to work, it is to offset some of the cost of keeping them, or to keep them out of mischief, or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside. None of these goals is compatible with federal regulation of their wages and hours. The reason the FLSA contains no express exception for prisoners is probably that the idea was too outlandish to occur to anyone when the legislation was under consideration by Congress.

Bennett v. Frank, 395 F.3d 409, 409-10 (7th Cir. 2005) (internal citations omitted); see also Tourscher v. McCullough, 184 F.3d 236, 243 (3d Cir. 1999) (pretrial detainee performing intra-prison work not entitled to FLSA wage); Danneskjold v. Hausrath, 82 F.3d 37, 43 (2d Cir. 1996); Franks v. Okla. State Indus., 7 F.3d 971, 972 (10th Cir. 1993) (inmates working in prison not FLSA employees); Harker v. State Use Indus., 990 F.2d 131, 133 (4th Cir. 1993) (prisoners working in prison for state industry not FLSA employees); Miller v. Dukakis, 961 F.2d 7, 9 (1st Cir. 1992) (prisoners working at unit of incarceration not FLSA employees of unit); Wentworth v. Solem, 548 F.2d 773, 775 (8th Cir. 1977) (FLSA did not cover convicts working in state prison industries).

We join these other circuits and hold that a prisoner doing work in or for the prison is not an "employee" under the FLSA and is thus not entitled to the federal minimum wage.

Loving contends that the State should restore work credit to his inmate trust account. This cryptic argument is merely a facet of Loving's general claim that he has not been properly

compensated. The claim fails because Loving has no constitutional right to compensation. See Ali, 259 F.3d at 318.

Loving also asserts that the system of employing inmates is discriminatory, but he fails to identify the victims of the alleged discrimination or the grounds for the alleged discrimination. "[U]nless some specific kind of outlawed discrimination is shown the state has the right to make reasonable rules as to whether or not it will pay prisoners and under what circumstances prisoners will be paid." Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988). Loving has made no showing of discrimination.

Loving also argues that he is entitled to payment under Texas negotiable instruments law and that the district court must be deemed to have granted tacit relief on this contention. This contention is based on the baseless proposition that, by presenting the defendant with a record of his work, Loving has somehow created an enforceable obligation in the form of a "demand instrument" payable immediately to him. This contention is frivolous. See Ali, 259 F.3d at 318 (concluding that "forcing inmates to work without pay . . . do[es] not violate the Thirteenth Amendment").

Loving failed to state a cause of action on which relief could be granted. The district court's dismissal of the action is AFFIRMED.