In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1596

PASCHALL L. SANDERS III,

*Plaintiff-Appellant,*

*v.*

KEVIN HAYDEN, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08-C-146—**William C. Griesbach**, *Judge.*

SUBMITTED AUGUST 21, 2008—DECIDED SEPTEMBER 12, 2008

Before POSNER, ROVNER, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* After serving a prison sentence, the plaintiff was civilly committed to a secure treatment facility—the Wisconsin Resource Center—as a sexually violent person. Wis. Stat. § 980.06. He has brought this suit under 42 U.S.C. § 1983 against various state officials, claiming that they violated his federal rights by reducing his pay for the work he performs at the Center. The district judge dismissed the complaint.

The plaintiff bases his suit on the Americans with Disability Act, the Rehabilitation Act, and the due process and equal protection clauses of the Fourteenth Amendment, and as the district judge explained there is no possible basis in these provisions for the complaint about the wage cut. Yet the plaintiff alleges that when he started work he was paid the minimum wage (whether the Wisconsin or the federal wage is unclear, and also, as we are about to see, immaterial) and that this was then cut to $2 to $2.50 an hour, at a time when the Wisconsin minimum wage was $6.50 and the federal $5.15. Although he does not refer to the Fair Labor Standards Act, it is the obvious basis for a complaint about not being paid the minimum wage and since he is a prisoner suing without the aid of a lawyer we construe his complaint to be making such a claim.

Prison and jail inmates are not covered by the FLSA. *Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005); *Vanskike v. Peters*, 974 F.2d 806, 810-12 (7th Cir. 1992); *Loving v. Johnson*, 455 F.3d 562 (5th Cir. 2006) (per curiam); *Tourscher v. McCullough*, 184 F.3d 236, 243-44 (3d Cir. 1999); *Villarreal v. Woodham*, 113 F.3d 202, 206-07 (11th Cir. 1997); *Gambetta v. Prison Rehabilitative Industries & Diversified Enterprises, Inc.*, 112 F.3d 1119, 1124 (11th Cir. 1997); *Danneskjold v. Hausrath*, 82 F.3d 37, 42 (2d Cir. 1996); *McMaster v. Minnesota*, 30 F.3d 976, 980 (8th Cir. 1994); *Henthorn v. Department of Navy*, 29 F.3d 682, 686-87 (D.C. Cir. 1994); *Harker v. State Use Industries*, 990 F.2d 131, 132 (4th Cir. 1993). As we explained in *Bennett*, "people are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep. If it puts them to work, it is to offset some of the cost of keeping them, or to keep them out of

mischief, or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside. None of these goals is compatible with federal regulation of their wages and hours. The reason the FLSA contains no express exception for prisoners is probably that the idea was too outlandish to occur to anyone when the legislation was under consideration by Congress." 395 F.3d at 410.

If the words "confined civilly as a sexually violent person" are substituted for "imprisoned" in the first sentence and "secure treatment facility" for "prison" in the second sentence, the quoted passage applies equally to the present case, as held in *Hendrickson v. Nelson*, No. 05-C-1305, 2006 WL 2334838 (E.D. Wis. Aug. 10, 2006). And years earlier the First Circuit had held that persons civilly committed because they were sexually violent were not covered by the FLSA, noting that "the minimum wage is not needed to protect the appellants' well-being and standard of living . . . . SDPs [sexually dangerous persons], like the more common run of prisoners, are cared for (and their standard of living is determined, within constitutional limits) by the state . . . . [And] the payment of sub-minimum wages to SDPs presents no threat of unfair competition to other employers, who must pay the minimum wage to their employees, because the Treatment Center does not operate in the marketplace and has no business competitors." *Miller v. Dukakis*, 961 F.2d 7, 9 (1st Cir. 1992) (per curiam). We agree and affirm.