# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-11208
Summary Calendar

ALAN BOWEN

Plaintiff-Appellant

v.

LINDA STEWART; JOSEPH STEWART; LORY J HUNT; STEPHEN ELLIS, 35th District Judge, Brown County, TX; SKYLAR SUDDERTH, Attorney, Comanche, TX; NITA MEADOR, Attorney, Brownwood, TX; LEE HANEY, Attorney, Brownwood, TX; KEITH WOODLEY, Attorney, Comanche, TX; JOHN L BLAGG, Attorney, Brownwood, TX; MIKE MCCOY, Chief Deputy, Brown County Sheriff's Office; CINDY MCCOY, Manager of Texaco Highway 377; LEE WILSON, Texas Department of Criminal Justice Parole Officer, Brownwood, TX; REBECCA K GREEN, Investigator; BILLY WADE; CYNTHIA WADE; KIRBY ROBERTS, Attorney, Brownwood, TX; FRED FRANKLIN, JR, Special Appointed District Attorney, Brownwood, TX; GLEN SMITH, Brown County Sheriff

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CV-26

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alan Bowen, Texas prisoner # 1125407, filed a civil rights action under 42 U.S.C. § 1983 against various defendants, asserting that they engaged in a conspiracy to "sell" his daughter by involuntarily terminating his parental rights and permitting an adoption. He appeals the district court's dismissal of his case as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(i). He does not, however, challenge the district court's conclusions that lower federal courts cannot review state parental termination proceedings, that Bowen's claims are malicious, or that Bowen failed to establish the existence of a conspiracy. These claims are thus deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Bowen asserts that the district court erred in dismissing as untimely a lawsuit filed in 2003 that challenged the parental termination proceedings. Because He never filed a timely notice of appeal from any judgment in those proceedings, we lack jurisdiction to address his claims. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007); FED. R. APP. P. 4(a)(1)(A). Bowen also arguably asserts that the district court erred in dismissing the instant lawsuit as untimely. He has failed to establish that the proceeding filed in 2007 was filed within two years of the termination of parental rights in 2001. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a).

Bowen asserts that the district court erred in denying his postjudgment motion for recusal on the basis of bias. Bowen's motion was untimely. See United States v. Sanford, 157 F.3d 987, 988-89 (5th Cir. 1998). Moreover, Bowen has not made a sufficient showing of an extrajudicial bias by the district court judge that would support recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994).

The appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts

as a strike under § 1915(g), as does the district court's dismissal of Bowen's action. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bowen previously accumulated a strike. See Bowen v. Thompson, No. 6:03-CV-037-C (N.D. Tex. July 14, 2003)(unpublished). Because Bowen has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.