NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2008[*]
Decided December 11, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2628

| | |
|---|---|
| MARCELLOUS WALKER, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants,* | Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 07-CV-675-bbc |
| KEVIN R. HAYDEN and STEVEN WATTERS, | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Appellants Marcellous Walker, Eric Hendrickson, Frederick Pharm, Edwin Jones, Brandon Sustman, and Shermell Tarbor have been civilly committed as sexually violent persons, WIS. STAT. § 980.02, and as relevant here have been confined at the Sand Ridge

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Secure Treatment Center.  The appellants sued Kevin Hayden, the former Secretary of the Department of Health and Family Services ("DHFS"), and Steve Watters, the director of Sand Ridge, claiming a litany of constitutional violations.  The district court dismissed the complaint for failure to state a claim.  We affirm.

Our review is de novo.  *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002).  To state a claim under 42 U.S.C. § 1983, the appellants must allege that they were deprived of a federal right, privilege, or immunity by a person acting under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005).  We analyze the appellants' claims under the most relevant provision of the Constitution.  *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *Koutnik v. Brown*, 456 F.3d 777, 781 n.2 (7th Cir. 2006).  The appellants make two overarching arguments on appeal: first, that DHFS[1] violated the principle of separation of powers by purportedly delegating executive power to Wisconsin's legislative and judicial branches, which then arbitrarily deprived the appellants of certain fundamental rights; and, second, that specific conditions of their confinement violate the Fourteenth Amendment.

The appellants argue that DHFS violated the principle of separation of powers by failing to protect them from arbitrary decisions made about their confinement by the state legislature and state courts.  The district court did not address this contention, but for good reason.  The principle of separation of powers found in the federal Constitution does not apply to states.  Thus, branches of state government do not have to be separated in any particular way.  *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *Pittman v. Chi. Bd. of Educ.*, 64 F.3d 1098, 1101-02 (7th Cir. 1995).

The appellants' remaining arguments invoke their right to procedural due process.  The district court correctly held that earlier cases have resolved against the appellants' almost all of their claims regarding the conditions of their confinement in favor of the defendants.  Civilly committed persons may be housed in prisons and subjected to prison rules so long as the restrictions "advance goals such as preventing escape and assuring the safety of others."  *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003).  Most of the conditions challenged by the appellants can be justified on security grounds.  These justifiable conditions include restricting the appellants' ability to leave the facility and to receive visitors; monitoring their telephone calls; inspecting their person, property, and mail; requiring institutional clothing, *see Thiel v. Wisconsin*, 399 F. Supp. 2d 929, 934 (W.D. Wis. 2005); and requiring restraints during transport, *see Thielman v. Leean*, 282 F.3d 478, 480, 482 (7th Cir. 2002).  In addition, the appellants fail to state a claim concerning their medical

---

[1] On July 8, 2008 DHFS became the Department of Health Services.

treatment because they have not alleged substandard care. *See Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). The appellants also fail to state a claim in alleging that they are paid below minimum wage for work performed at Sand Ridge. *See Sanders v. Hayden*, No. 08-1596, 2008 WL 4206842, at *1 (7th Cir. Sept. 12, 2008).

On their broad claim that they are subject to "criminal punishment" for rules infractions and for exhibiting symptoms of their conditions, the district court gave the appellants several opportunities to describe what they were punished for and how they were punished, but the appellants never supplied the details. In their opening brief, the appellants allege that Sand Ridge uses chemical and taser weapons and even "lethal force," yet in their reply brief they describe the unconstitutional "criminal sanctions" as earlier curfews, loss of telephone and visitation privileges, limitations on recreation and library time, and the temporary confiscation of their electronic gear and personal property. The district court reasoned that the appellants' unwillingness to supply even cursory details about this amorphous claim invited dismissal under Federal Rule of Civil Procedure 8, and we agree. The starkly different sanctions described in the appellants' opening and reply briefs evidence that the claim is undefined even now, and though federal pleading rules are liberal, Rule 8 still mandates that a plaintiff give the defendant "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *see Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802-04 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). The appellants' complaint does not do so. In any event, even apart from Rule 8, we would uphold the dismissal of this claim because the appellants do not allege that the two defendants they sued carried out the "criminal punishments" themselves or bear any personal responsibility for them. *See Jacobsen v. Ill. Dept. of Transp.*, 419 F.3d 642, 649 (7th Cir. 2005); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 812 (7th Cir. 2000). This latter point also resolves the specific claims of Walker and Hendrickson, who allege that they were assaulted by Sand Ridge staff members who are not defendants in this litigation.

AFFIRMED.