**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-20547
Summary Calendar

MELVIN ALAN BOWEN

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN; DIANA D KUKUA; GROVER W GOODWELL,
JR; GLENDON E SCHUMACHER; JASON CLIVES

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-4056

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Melvin Alan Bowen, Texas prisoner # 1125407, appeals the district court's
dismissal of his Section 1983 lawsuit for failure to state a claim upon which
relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We AFFIRM.

We review the dismissal of Bowen's claims *de novo*. *See Harris v.
Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A suit may be dismissed for failure
to state a claim upon which relief may be granted if, assuming all well-pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation excluded), *cert. denied*, 128 S. Ct. 1230, 1231 (2008).

For the first time on appeal, Bowen makes these allegations: that the defendants violated the Texas Medical Liability and Insurance Improvement Act; that even though inmates were told at safety meetings not to lift tables in the dining hall by themselves, he was ordered to lift the tables by himself because of a shortage of workers; and that one of the defendants ordered him to lift 100-pound bags of potatoes after he injured his hand. As these claims were not raised in the district court, these claims are not considered on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

In addition to these improper new claims that we do not analyze, Bowen argues that the district court erred by dismissing his claim of deliberate indifference to his serious medical needs. The basis of his claim is that the medical defendants did not provide proper medical care and that he was forced to perform work that caused and then exacerbated an injury to his hand. Bowen allegedly injured his hand when lowering a table. This injury is alleged to be permanent. He speculates that if he had been treated by an orthopedic hand specialist, his injury would not have become permanent.

Bowen's allegations about his medical treatment establish that he was examined by multiple doctors and physicians' assistants and was treated for his hand injury. Bowen himself states that he received seven days off from work, and was restricted from lifting more than 50 pounds and from repetitive use of his hands. Bowen also asserts that he was treated with steroids and painkillers. Thus, Bowen acknowledges that attention was given to his injury.

Bowen did not allege any facts showing that the medical defendants knew that he had a serious medical need and refused to treat that need. While Bowen alleged that one physician's assistant once refused to see him and that a second

physician's assistant refused to give him treatment that a doctor prescribed, in both instances, Bowen was later treated by a doctor. Bowen does not allege that he suffered any injury from any delay in treatment.

At most, Bowen disagreed with the medical treatment he received and found the medical treatment to be ineffective. This is insufficient to state a viable claim for deliberate indifference to serious medical needs. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Bowen also claims that his hand injury occurred when he was ordered to lift heavy tables. However, he did not allege that he had any injury or physical limitations when he lifted the heavy tables or that the defendants had knowledge that lifting the tables could cause him injury. While Bowen alleged that he was required to work in the fields and in the kitchen at the Stringfellow Unit in violation of his repetitive use of hands restriction, he did not allege that this work was required by any of the named defendants or that he suffered any injury from performing the work.

Bowen's allegations might support that the defendants negligently assigned him to perform work that caused or exacerbated his injuries. That kind of allegation does not state a viable claim for deliberate indifference. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

Bowen has not shown that the district court erred by dismissing his deliberate indifference to serious medical needs claims.

In addition to the medical-related claims, Bowen argues that the district court erred by dismissing his challenges to his work assignments. He maintains that the defendants forced him to perform labor in violation of the Thirteenth Amendment. We reject that argument, because requiring an inmate to perform labor is not involuntary servitude under the Amendment. *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006). The district court did not err by dismissing Bowen's claims challenging his work assignments. *See Jackson*, 864 F.2d at 1245.

Next, Bowen argues that the district court erred by dismissing his challenges to the disciplinary proceedings brought against him. Bowen asserts that inmates can bring due process challenges to disciplinary proceedings and parole procedures in Section 1983 actions. He argues that the disciplinary proceedings brought against him were improper. The district court dismissed these challenges on the ground that the punishments Bowen received did not affect a liberty interest protected by the Due Process Clause. As Bowen has not addressed the district court's rationale for dismissing these claims, he has waived the challenge to the dismissal of these claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bowen's claims regarding a conspiracy were dismissed. Bowen asserts that the facts are complex, but he finds it within "reason and understandable that all parties were part of a conspiracy." Bowen contends that the district court misconstrued the factual allegations he set forth, but he does not identify the allegations that were misconstrued. Bowen does not point us to any facts that tend to show an agreement between the defendants. He merely argues that it is reasonable to believe that the defendants were part of a conspiracy. Accordingly, Bowen's allegations are insufficient to state a viable conspiracy claim. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

Bowen additionally notes that he raised claims under the Americans with Disabilities Act (ADA) in the district court, but he does not explain why he was entitled to relief under the ADA. Because Bowen has failed to provide citations to the record, authorities, or a coherent argument in support of these claims, he has waived these claims. *See* Fed. R. App. P. 28(a)(9); *United States v. Gourley*, 168 F.3d 165, 172 n.11 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Besides these specific claims on the merits, Bowen also argues that the district court abused its discretion by refusing to appoint counsel or, alternatively, appoint a special master. Bowen has filed two motions for

appointment of appellate counsel. Exceptional circumstances are necessary to justify the appointment of counsel or a special master in a civil rights action. *See Sierra Club v. Clifford*, 257 F.3d 444, 446 (5th Cir. 2001); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). He has not shown that such circumstances exist. The district court consequently committed no clear abuse of discretion by denying his motions for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). His motions for appointment of counsel on appeal are denied. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992).

While this appeal was pending, Bowen accumulated his second and third strikes pursuant to 28 U.S.C. § 1915(g). *Bowen v. Stewart*, 294 F. App'x 987, 989 (5th Cir. 2008). Bowen is once again warned that he is barred from proceeding in forma pauperis pursuant to Section 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The district court's dismissal is AFFIRMED. Bowen's motions for appointment of counsel are DENIED.