FILED
United States Court of Appeals
Tenth Circuit

May 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN BOYD BOWRING,

     Plaintiff - Appellant,

v.

BOBBY BONNER, Warden
KCCC/CCA.

     Defendant - Appellee.

No.13-1465
(D.C. No. 1:13-CV-01707-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

This is a *pro se* civil rights appeal brought by a person who is in state

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

custody.[1]  Appellant John Bowring filed a § 1983 complaint underlying this appeal in the U.S. District Court for the District of Colorado.  Liberally construed, the complaint alleges claims under the Fair Labor Standards Act for unpaid services provided to the private prison where he is housed, violations of his civil rights for confiscating personal property, and other claims attacking his state court conviction and sentence.  The district court reviewed the complaint on screening and determined that none of the claims asserted were viable.  The case was dismissed, with the FLSA and constitutional claims deemed legally frivolous.

The district court denied Appellant leave to proceed on appeal without prepayment of the filing fee.  However, because we have never addressed the issue of whether the FLSA applies to labor performed by a prisoner assigned to a privately run prison under contract with a state's department of corrections, we grant Appellant *ifp* status and address the merits of that issue.

Following the well-reasoned opinion in *Bennett v. Frank,* 395 F.3d 409 (7th Cir. 2005), we conclude that the rule denying FLSA coverage to prisoners in government operated facilities applies to the private contract prisons as well.  We

---

[1] Throughout his appeal, Appellant seems to assert that he is no longer in state custody, arguing that the state relinquished custody over him when it transferred him to the custody of the private prison where he now resides.  This repeated assertion lacks merit since "confinement in a private prison . . . [is] within the normal limits or range of custody which the conviction has authorized the State to impose."  *Montez v. McKinna*, 208 F.3d 862, 866 n.4 (10th Cir. 2000) (internal quotation marks omitted).

therefore affirm the district court's conclusion on that issue. Because we have elected to address this previously unaddressed issue, we decline to impose a strike under the Prison Litigation Reform Act.

Regarding the remaining issues on appeal, after reviewing the pleadings, the record, and the trial court's Order of Dismissal, we have determined the district court was correct and affirm for the reasons stated in its order.

It is therefore ordered that the trial court's Order of Dismissal is **AFFIRMED**. We **DENY** Appellant's renewed motion to appoint counsel. However, as mentioned above, we **GRANT** Appellant's motion to proceed *ifp* and we remind Appellant that he must complete payment of the entire fee in accordance with the order previously entered by the clerk of the court.

Entered for the Court


Monroe G. McKay
Circuit Judge

3