# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2016

Lyle W. Cayce
Clerk

KYLE ALEXANDER FARRAR,

Plaintiff-Appellant

v.

WILLIAM STEPHENS; BRAD LIVINGSTON; CALEB M. BRUMLEY; RODERICK SMITH; BRUCE D. BAGGETT; KEVIN G. MAYFIELD; BILLY D. HIRSCH,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2570

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kyle Farrar, Texas prisoner # 1320123, filed a civil rights complaint alleging that the defendants violated his constitutional rights by forcing him to four step as part of his job hoeing the prison's fields and by not paying him for his labor. Four stepping, Farrar explained, is using a large hoe in unison with three other inmates, in a close, linear formation, while a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervisor dictates the pace for the group and how hard and high they must swing their hoes.  Farrar complained that he suffered blisters on his hands, bruises on his legs and feet, and overall fatigue, none of which caused him to seek medical treatment.  He now contends that the district court erred when it granted the defendants' motion to dismiss his complaint.

We review de novo the dismissal of Farrar's complaint for failure to state a claim "using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  The district court could properly dismiss Farrar's claims only if his factual allegations "taken as true, do not state a claim that is plausible on its face."  *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (internal quotation marks and citation omitted).

In his brief's statement of the case, Farrar mentions that the district court denied him leave to amend his complaint after it entered the final judgment; the district court analyzed his claims under the Eighth Amendment, when, although he has offered no other theory for recovery, he did not seek recovery on that basis; and Stephens was never recognized as a party.  Because Farrar "does not articulate any argument" on these issues, "nor does he cite any authority for his position" that the district court erred on these grounds, Farrar has waived these issues for appeal.  *Morris v. Livingston*, 739 F.3d 740, 752 (5th Cir.) *cert. denied*, 134 S. Ct. 2734 (2014).  Farrar also suggests that the practice of four stepping has revived the old building tender system.  However, because he raises this issue for the first time in his reply brief, it, too, "must be waived."  *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002).

Farrar "has no constitutional right to compensation" for his work in the prison field.  *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006).  Further, he has not shown that four stepping was beyond his strength or ability,

No. 14-20511

endangered his life, caused him undue pain, or aggravated a serious medical condition. *See Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir.1989); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). As Farrar thus did not "allege a violation of a right secured by the Constitution or laws of the United States," the district court correctly determined that he had not stated a claim for relief under § 1983. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.