Samuel Lee **MURRAY**, III,
Plaintiff–Appellant,

v.

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.,**
Defendants–Appellees.

No. 89–8107
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1990.

Samuel Lee Murray, III, pro se.

James F. Steel, Sp. Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for defendants-appellees.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Today we are asked to decide whether an inmate may collect damages for violation of his constitutional and civil rights because he was compelled to work on private property without pay. We decline to create a private-property exception to our prior holdings that an inmate may be compelled to work without pay; therefore, we must conclude that compelling an inmate to work without pay on private property does not violate his constitutional or civil rights and that he may not collect damages on this basis.

In this case, Samuel Lee Murray, III, an inmate of the Mississippi State Penitentiary at Parchman, Mississippi, appeals the trial court's judgment dismissing his complaint. Murray seeks damages for violation of his contitutional and civil rights because he was allegedly compelled to work on private property without pay. After hearing all of Murray's evidence at trial, the magistrate recommended that Murray's complaint be dismissed under Federal Rule of Civil Procedure 41(b)—failure to show a right to relief. The trial court accepted the magistrate's recommendation.

■  Compelling an inmate to work without pay is not unconstitutional. The thirteenth amendment specifically allows involuntary servitude as punishment after conviction of a crime, *see* U.S. Const. amend

XIII, § 1, and this Court has held that "compensating prisoners for work is not a constitutional requirement but, rather, 'is by the grace of the state.'" *Mikeska v. Collins,* 900 F.2d 833, 837 (5th Cir.1990) (quoting *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir.1988)).

Murray attempts to distinguish our prior holdings by arguing that he was compelled to work on *private* property. He points to the Mississippi Code, which he argues, on the facts of this case, prohibits the State of Mississippi from working inmates on private property. *See* Miss.Code Ann. § 47–5–133 (Supp.1990). After careful consideration of section 47–5–133—read in context and giving each word meaning—we agree that it appears to prohibit working inmates on private property and that no apparent exception applies to this case. Nevertheless, we can find no authority for the proposition that a violation of section 47–5–133 rises to constitutional proportions.[1] Furthermore, we can find no basis from which to conclude that working an inmate on private property is any more violative of constitutional or civil rights than working inmates on public property. Accordingly, we find that the trial court did not err in dismissing Murray's complaint.

We hold that an inmate is not entitled to damages for violation of his constitutional or civil rights on the basis that he was compelled to work on private property without pay. The ruling of the trial court is

AFFIRMED.

---

**1.** Murray may well have a state-law cause of action for declaratory, injunctive, or monetary relief premised on the violation of section 47–5–133, but this issue is not before us and we express no opinion whether section 47–5–133 gives Murray a private right of action.