**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10549
Summary Calendar

WAYNE MORRIS REEVES, JR.,

Plaintiff-Appellant,

VERSUS

STATE OF TEXAS, PARDON AND PAROLE DIVISION;
JAMES A. COLLINS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
JOHN DOE, Commissioner of TDCJ-Board of Pardons
and Paroles Division,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(2:93-CV-255)
(September 27, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a Texas Department of Criminal Justice inmate, proceeding pro se and in forma pauperis, brought suit under 42 U.S.C. § 1983. The district court dismissed the suit under 28 U.S.C. § 1915(d) as frivolous. We affirm, and specifically warn

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appellant that the filing of any further frivolous suits will result in sanctions.

Appellant claims that the Texas practice of requiring inmates to work violates the Thirteenth Amendment; that since he cannot be forced to work, he cannot be disciplined for refusing to work; and that inmates should be compensated for their work and given more "work time credit". This Court has long ago decided all these issues adverse to Appellant's position. Wendt v. Lynaugh, 841 F.2d 619, 620-21 (5th Cir. 1988); see also Murray v. Mississippi Dep't of Corrections, 911 F.2d 1167, 1167-68 (5th Cir. 1990), cert. denied, 498 U.S. 1050 (1991). These same authorities dispose of his claim regarding revocation of prisoners "work time credits".

We do not consider Reeves claims that relinquishment of work time credit as a condition of parole is unconstitutional because he did not allege that he either has been, or will be, eligible for parole so he has not presented a case or controversy for decision. Cross v. Lucius, 713 F.2d 153, 158 (5th Cir. 1983). This Court is without jurisdiction to consider the issue.

Appellant raises for the first time on appeal the contentions that his medical records have been altered and that attendance at the Windham School deprives inmates of true educational opportunity. We do not consider issues not raised in the district court. Varnado v. Lynaugh, 920 F.2d 320, 322 (5th Cir. 1991). His assertion in the district court that other prisoners' medical records were altered does not state a claim that Appellant is competent to litigate.

2

Numerous orders of the district court are complained of on appeal but no understandable argument is advanced in Appellant's papers in relation to them so we are unable to review them.

AFFIRMED.