United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-20614
Conference Calendar

———————————

TIMOTHY WAYNE SMITH,

                                Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; TEXAS BOARD OF PARDONS
& PAROLES; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; THE WARDEN OF
THE "WALLS" HUNTSVILLE UNIT,

                                Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2289
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Timothy Wayne Smith, Texas prisoner number 925610, appeals
the district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous.  Smith maintains that the defendants violated his
constitutional rights by forcing him to work while he was
incarcerated on an alleged parole violation.

    The Thirteenth Amendment permits involuntary servitude
without pay as punishment after conviction of an offense, even
when the prisoner is not explicitly sentenced to hard labor.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); Murray v. Miss. Dep't of Corr., 911 F.2d 1167, 1167-68 (5th Cir. 1990); Wendt v. Lynaugh, 841 F.2d 619, 620-21 (5th Cir. 1988). Consequently, Smith has not shown that the defendants violated his rights by making him hold a prison job. He likewise has not shown that he raised a viable § 1983 claim or that the district court abused its discretion in dismissing his suit as frivolous. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994); Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994).

Smith's appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Consequently, this appeal is dismissed as frivolous. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Smith's complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Smith is cautioned that, if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.