**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-40490
Summary Calendar

RODERICK L REESE

Plaintiff-Appellant

v.

ANGELA SKINNER, Health Manager; HUNTER, Assistant Warden; GUTIERREZ, Captain; RENFRO, Safety Compliance; BAUR, Classification Tracking; IRVING, U.G.I.; BRAD CASAL, Warden; MAJOR MONROE; FRANKLIN, C.O.; PARNAGHAM, C.O.; BOLECH, C.O.; CORNANDO, C.O.; RYAN, C.O.; KEISSER, C.O.; SARGENT DROTKE; SHIRLEY, Patroski, Chief of Classsification; DOCTOR BURNS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:05-CV-68

Before   DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roderick L. Reese, Texas prisoner # 1027930, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. We review a district court's dismissal of an in forma pauperis complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

193 (5th Cir. 1997). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

Reese argues that the district court abused its discretion by dismissing his deliberate indifference to serious medical needs claims on the basis of testimony given by Dr. Danny Adams at a *Spears*[1] hearing. Reese contends that his allegations stated viable claims for deliberate indifference to serious medical needs based upon his being forced to perform work that violated his medical restrictions and aggravated his injuries.

The district court's dismissal of Reese's deliberate indifference to serious medical needs claims was based upon Dr. Adams's testimony that, in turn, was based upon unidentified medical records. As the testimony relied upon by the district court contradicted Reese's allegations, the district court abused its discretion by relying upon the testimony to dismiss Reese's claims as frivolous. *See Williams v. Luna*, 909 F.2d 121, 124 (5th Cir. 1990).

While the district court improperly relied upon Dr. Adams's testimony to dismiss Reese's deliberate indifference to serious medical needs claims, we may still affirm the dismissal of those claims if the claims had no arguable merit. *See Wesson v. Oglesby*, 910 F.2d 278, 282 (5th Cir. 1990). Reese did not allege that defendants Correctional Officer Parnagham, Renfro, Bauer, Irving, Warden Casal, Major Monroe, Angela Skinner, and Shirley directly participated in forcing him to work in violation of his medical restrictions or implemented policies that led to his injuries. Accordingly, Reese's claims against those defendants were without arguable merit. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Reese's allegations that Correctional Officer Parnagham participated in humiliating him also did not state a viable claim because verbal abuse and humiliation are not actionable under § 1983. *See Calhoun v.*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

*Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Because Reese's claims against Correctional Officer Parnagham, Renfro, Bauer, Irving, Warden Casal, Major Monroe, Skinner, and Shirley were without arguable merit, the district court's dismissal of those claims is affirmed. *See Wesson*, 910 F.2d at 282.

Reese alleged that Assistant Warden Hunter, Captain Gutierrez, Correctional Officer Franklin, Correctional Officer Bolech, and Correctional Officer Ryan directly forced him to work in the laundry knowing that it violated his medical restrictions, causing him to suffer further injury and intense pain. These allegations were sufficient to state viable claims for deliberate indifference to serious medical needs. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Reese alleged that Dr. Burns refused to medically unassign him from the laundry job for over a month due to pressure from other prison officials even though Dr. Burns knew that the laundry job was aggravating Reese's physical ailments and causing him severe pain. These allegations were sufficient to state a viable claim for deliberate indifference to serious medical needs. *See id.*; *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Accordingly, the district court's dismissal of Reese's deliberate indifference to serious medical needs claims against Assistant Warden Hunter, Captain Gutierrez, Correctional Officer Franklin, Correctional Officer Bolech, Correctional Officer Ryan, and Dr. Burns is vacated, and those claims are remanded to the district court for further proceedings.

Reese argues that the district court abused its discretion by dismissing his retaliation claims. To state a viable claim for retaliation, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected

activities. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Inmates, however, do not have a constitutional right to refuse to work. *See Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990). Thus, refusing to work is not the exercise of a specific constitutional right and cannot form the basis for a retaliation claim. *See id.*; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Accordingly, in order to state a viable retaliation claim, Reese had to allege facts showing that the defendants retaliated against him for filing grievances or complaining through the proper channels. *See id.*; *Morris*, 449 F.3d at 684.

At the *Spears* hearing, Reese asserted that the defendants retaliated against him because their harassment of him intensified after he started filing grievances. This was an insufficient allegation of causation as "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *see also Johnson*, 110 F.3d at 310; *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995).

Reese alleged that Captain Gutierrez crudely told him that the law did not mean anything, that no one cared about the grievances he filed, and that he had to continue to do his work in the laundry. The alleged statement, however, shows only that Captain Gutierrez did not care about the grievances; it does not show that Captain Gutierrez sought to retaliate against Reese for filing grievances. Accordingly, the alleged statement was insufficient to show causation. *See Johnson*, 110 F.3d at 310.

Reese alleged that Captain Gutierrez berated him in front of everyone in the laundry and harassed him. According to Reese's allegations, however, all of these incidents were caused by Reese refusing to work, not Reese's complaints and grievances. Accordingly, these allegations are insufficient to show causation. *See Murray*, 911 F.2d at 1167-68; *Johnson*, 110 F.3d at 310.

Reese alleged that Correctional Officer Ryan wrote a disciplinary charge against him for refusing to work for which Reese was found guilty and sanctioned. Reese's allegations, however, indicate that Reese had refused to work when Correctional Officer Ryan wrote the disciplinary charge. This shows that the disciplinary charge was written because Reese refused to work, not because Reese had filed grievances or complained about his work assignment. Accordingly, this allegation is insufficient to show causation. *See Murray*, 911 F.2d at 1167-68; *Johnson*, 110 F.3d at 310.

Reese did not allege facts showing direct evidence of motivation or a chronology of events from which retaliation can be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, Reese has not shown that the district court abused its discretion by dismissing his retaliation claims. *See id.* The district court's dismissal of Reese's retaliation claims is affirmed.

Reese argues that the district court abused its discretion by dismissing his claims against DeWitt County Sheriff Joe C. Zavesky and Glenn Boldt for not investigating his claims and subjecting other defendants to criminal prosecution. Reese "does not have a constitutional right to have someone criminally prosecuted." *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Accordingly, Reese has not shown that the district court abused its discretion by dismissing his claims against Sheriff Zavesky and Boldt as frivolous. *See id.* The district court's dismissal of Reese's claims against Sheriff Zavesky and Boldt is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.