# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 10-40126
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH A. LOCKAMY,

Plaintiff-Appellant

v.

CHAQUITA DUNBAR; TAMMY SHARP; UNIDENTIFIED OFFICERS; JOHN PRYOR, Individually and Officially,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-150

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth A. Lockamy, Texas prisoner # 1313595, appeals the district court's grant of the defendants' summary judgment in his 42 U.S.C. § 1983 civil suit in which he claimed that prison officials had violated his due process and constitutional rights by (1) denying him access to the courts, (2) engaging in a campaign of retaliation, (3) interfering with his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(4) refusing to allow an appeal after the mailing of correspondence was denied. On appeal, Lockamy also argues that the district court erred in concluding that the defendants were entitled to qualified immunity and in denying his motion for the appointment of counsel.

A district court's grant of summary judgment is reviewed de novo. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). This court views all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros*, 456 F.3d 283, 285 (5th Cir. 2006). Even if this court disagrees with the reasons given by the district court to support summary judgment, this court "may affirm the district court's ruling on any grounds supported by the record." *Berquist*, 500 F.3d at 349.

Lockamy cannot demonstrate that the district court abused its discretion in allowing the defendants an extension of time to file their summary judgment motion because he does not even allege that he was prejudiced in any way by the modification in schedule. *See Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996). Moreover, Lockamy failed to even request a Federal Rule of Civil Procedure 56(f) continuance for further discovery in the district court and did not provide the district court with specific facts explaining his inability to make a substantive response to the defendants' summary judgment motion and demonstrating how additional time for discovery would have allowed him to present a genuine issue of material fact. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

To prevail on a denial of access to the courts claim, the prisoner must show that he was prejudiced by the alleged violation. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). In order to demonstrate prejudice, a prisoner must show that his ability to pursue a nonfrivolous legal claim was hindered by the actions of the defendants. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Even if the most egregious of Lockamy's allegations are true, he provides no concrete evidence to demonstrate that defendants' actions caused him prejudice by hindering the

progression of his current cases or the pursuit of future litigation, particularly in light of the fact that he had two other cases pending at the same time as this appeal. *See Lewis*, 518 U.S. at 349.

Under the RLUIPA, the Government is prohibited from imposing a substantial burden on a prisoner's exercise of religious freedom unless there is a compelling governmental interest and the burden is the least restrictive means of furthering that interest. § 2000cc-1. Therefore, in order to make a claim under RLUIPA, Lockamy must show that the prison's regulations imposed a substantial burden on his exercise of religious activity. *Adkins v. Kaspar*, 393 F.3d 559, 564-65 (5th Cir. 2004). Lockamy argues that defendants violated his right to the free exercise of religion when they refused to mail pages removed from a religious magazine and labeled them as contraband. However, according to The Texas Department of Criminal Justice Offender Orientation Handbook, "contraband" is "any item altered from its original condition." Lockamy admitted that the pages had been altered because they were removed from a pamphlet and had been written on.

Although the RLUIPA imposes a strict scrutiny of prison regulations, lawmakers were mindful that discipline, order, safety, and security are urgent in penal institutions and anticipated that courts would apply the RLUIPA test "with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 722-23 (2005). The prison's policy on rejecting the mailing of contraband is related to the legitimate penological interests of order, discipline, and security. Lockamy does not allege that prison's policies prevented him from practicing his faith or forced him to modify his religious activities. Accordingly he has not made a viable claim that

the defendants violated his First Amendment right to the free exercise of religion. *See Adkins*, 393 F.3d at 564-65.

Lockamy's assertion that the defendants violated his due process rights by refusing to initiate an appeals process regarding the rejection of mail is equally without merit. According to the Offender Orientation Handbook, complaints of rejected mail are non-grievable and must be sent for review by the Director's Review Committee (DRC). Lockamy does not allege that he even attempted to initiate an appeals process by following the rules and sending a written notice to the DRC.

To state a retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)). After showing invocation of a constitutional right, the prisoner must "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted). Furthermore, the retaliatory adverse act must be more than de minimis to state a viable retaliation claim; the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686.

A showing of retaliation places a heavy burden on prisoners, and mere conclusory allegations are not sufficient. *Woods*, 60 F.3d at 1166. Lockamy cannot meet the high burden. Lockamy does not provide this court with any

evidence to suggest that any retaliatory acts were more than inconsequential or de minimis, and any such acts have not prevented Lockamy from exercising his constitutional rights. *See Morris*, 449 F.3d at 685-86.

In the summary judgment context, a government official need only plead qualified immunity, which then shifts the burden to the plaintiff. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). The plaintiff must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Id.* Lockamy has not shown that the defendants violated his constitutional rights, and he does not discuss which laws the defendants allegedly unreasonably ignored. He relies on theory, speculation, and mere conclusory allegations, which are not sufficient to discharge his burden of overcoming the defendant's defense of qualified immunity. *See id.*

A district court may appoint counsel in a § 1983 case if exceptional circumstances exist. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The existence of exceptional circumstances depends upon the type and complexity of the case and the abilities of the person litigating the case. *Id.* This court reviews a district court's denial of a motion for appointment of counsel under the abuse of discretion standard. *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987) (citations omitted).

The denial of Lockamy's appointment of counsel motion was not an abuse of discretion. Lockamy's constitutional issues are not particularly complex, and Lockamy has proven himself more than capable of competently proceeding without the assistance of counsel. *See id.* Accordingly, the judgment of the district court is AFFIRMED.