# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-30610
Summary Calendar

ROBERT LA TROY WHITE,

Plaintiff-Appellant

v.

GREG LONGINO, Deputy Warden; MIKE CORE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1335

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert La Troy White, Louisiana prisoner # 241145, appeals the district court's summary judgment in favor of the appellees and dismissal of his claim that he was denied access to the courts while housed as a pretrial detainee in St. Tammany Parish Jail. He contends that he had no access to legal materials to assist him in preparing his pro se defense in two state criminal proceedings and that his waiver of the right to appointed counsel cannot be considered a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver of access to legal materials because to do so would render *Faretta v. California*, 422 U.S. 806 (1975), meaningless.

The magistrate judge did not err in denying White's claim that he was denied access to the courts. A prisoner, who knowingly and voluntarily waives appointed representation by counsel, may not file a 42 U.S.C. § 1983 action asserting that he was denied the constitutional right to access to a law library in preparing a pro se defense in a criminal trial. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *see also Jackson v. Caddo Correctional Center*, 67 F. App'x 253 (5th Cir. 2003). White has not shown that *Faretta* established a right of access to an adequate law library. *See Kane v. Garcia Espitia*, 546 U.S. 9 (2005) (28 U.S.C. § 2254 case); *see also United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *United States ex rel. George v. Lane*, 718 F.2d 226, 231 (7th Cir. 1983).

White contends that the magistrate judge abused her discretion in denying his motion for appointment of counsel. Because the record reflects that White was able to present his claims adequately in the district court without assistance of counsel, he has not shown that exceptional circumstances warranted the appointment of counsel. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

According to White, the magistrate judge violated his due process rights by not allowing him to contest the appellees' second motion for an extension of time to file their summary judgment motion. Because White did not demonstrate that he was prejudiced in any way by the district court's granting of the motion, he has not shown that the magistrate judge abused her discretion or violated his due process right by granting the motion. *See Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996); *see also Lockany v. Dunbar*, 399 F. App'x 953, 955 (5th Cir. 2010).

For the first time on appeal, White argues that he was not advised in accordance with Faretta of the dangers and disadvantages of waiving his right

No. 10-30610

to counsel. This court will not consider new theories of liability raised for the first time on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

White moves for appointment of counsel on appeal. Because White has not shown that exceptional circumstances warrant the appointment of counsel, his motion is denied. *See Williams*, 466 F.3d at 335.

Arguing that the appellees' attorneys were not counsel of record when they filed the appellees' brief, White moved to strike the appellees' brief. A review of the docket sheet reflects that the appellees' attorneys had filed appearance forms prior to filing the brief. Therefore, White's motion is denied.

AFFIRMED; MOTIONS DENIED.