# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2011

No. 10-40592
Summary Calendar

Lyle W. Cayce
Clerk

JASON LYLE MILLER,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-339

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jason Lyle Miller, Texas prisoner # 1316809, seeks to appeal the dismissal of his 28 U.S.C. § 2254 petition as time barred, pursuant to 28 U.S.C. § 2244(d). In his petition, he sought to challenge his jury trial conviction for aggravated assault of a child, for which he was sentenced to 15 years in prison.

Even affording his brief the benefit of liberal construction, Miller makes no argument challenging the district court's extensive factual and legal analysis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40592

leading up to the conclusion that his § 2254 petition was time barred. He has therefore abandoned any argument that the district court's dismissal of his petition was error. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Miller's assertion that the respondent's post-hearing brief was untimely is belied by the record. The respondent was given 15 days after the filing of the hearing transcript within which to submit the brief. The transcript was filed on March 15, 2010, and the respondent's brief was filed on March 30, 2010.

To the extent that Miller argues that the district court erred in granting the respondent an extension of time to file its post-hearing brief, "[a] federal district court has both specific and inherent power to control its docket." *In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994); *see also United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). Miller cannot demonstrate that the district court abused its discretion in granting the respondent an extension of time because he does not allege that he was prejudiced in any way by the modification in the briefing schedule. *See Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996); *see also Lockamy v. Dunbar*, 399 F. App'x 953, 955 (5th Cir. 2010). Given the foregoing, the judgment of the district court is AFFIRMED.