# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20778
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2018

Lyle W. Cayce
Clerk

————

PETER RENO,

Plaintiff-Appellant

v.

ADRIAN GARCIA, Sheriff,

Defendant-Appellee

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1156

————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Peter Reno, currently Texas prisoner # 02129861, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint.  Reno maintains that the defendant violated his constitutional rights.  We review de novo the district court's dismissal of Reno's complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915A.  *See Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20778

Reno asserts that the defendant violated his Thirteenth Amendment right against involuntary servitude by requiring him from June 3, 2014, to March 26, 2015, when he was a pretrial detainee and a parole violation detainee, to clean the cells in which he was housed.  He contends that he should not have been forced to work until he was adjudicated guilty of the new criminal offense or his parole was revoked.

Reno's parole status is irrelevant to the Thirteenth Amendment analysis. What is relevant is that during the time period at issue, Reno was a detained duly convicted felon who had not yet finished serving his lawful sentence.  This court has held that an inmate sentenced to imprisonment, even when the prisoner is not explicitly sentenced to hard labor, cannot state a viable Thirteenth Amendment claim if the prison system requires him to work. *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001); *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990); *Watson v. Graves*, 909 F.2d 1549, 1552, 1556 (5th Cir. 1990); *Wendt v. Lynaugh*, 841 F.2d 619, 620-21 (5th Cir. 1988); *see also Channer v. Hall*, 112 F.3d 214, 215-19 (5th Cir. 1997); *Brooks v. George Cty., Miss.*, 84 F.3d 157, 162-63 (5th Cir. 1996); *Smith v. Dretke*, 157 F. App'x 747, 747-48 (5th Cir. 2005).  Consequently, the district court did not err in dismissing Reno's Thirteenth Amendment claim.

Reno's claims regarding his administrative grievances were also properly dismissed.  As the district court determined, Reno has no right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).  The failure of the defendant to process or resolve Reno's grievances does not implicate his constitutional rights

No. 16-20778

or give rise to a cognizable § 1983 claim. *See id.* Further, to the extent Reno claims for the first time on appeal that he should not have to exhaust his administrative remedies prior to filing suit, we decline to consider this claim. *See State Indus. Prod. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009) (internal quotation marks and citation omitted); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

For the foregoing reasons, the district court's judgment is AFFIRMED. This court's affirmance and the district court's dismissal are counted as one strike under 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Reno is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED