# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40188

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2018

Lyle W. Cayce
Clerk

ABELARDO G. GONZALEZ,

Plaintiff-Appellant

v.

ANNA D. SARABIA, Carole Young Medical Facility Law Library; CHERYL A. GAUTIER, Carole Young Medical Facility Mailroom; MARTHA L. BURGESS, Carole Young Medical Facility Assistant Warden; I. TAYLOR, McConnell Unit Inmate Property; JANE/JOHN DOE,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-366

Before ELROD, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Abelardo G. Gonzalez, Texas prisoner # 01622682, seeks leave to appeal in forma pauperis (IFP) from the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving to proceed IFP, Gonzalez is challenging the district court's determination that his appeal has not been brought in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40188

In support of his motion, Gonzalez argues that the district court failed to address his claims that Correctional Officer Cheryl Gautier and law library supervisor Jane/John Doe at the Huntsville Unit violated his right of access to courts by preventing him from filing meaningful objections and a timely notice of appeal in his previous 28 U.S.C. § 2254 proceeding. In the district court, he alleged that Gautier delivered the judgment denying his habeas petition one day late, preventing him from filing a timely notice of appeal and that Jane/John Doe directed another defendant, Correctional Officer Anna Sarabia, to deny access to the courts to Gonzalez. He further contends that his appeal in his habeas proceeding would not have been frivolous.

Gonzalez has not shown that the district court failed to consider his claims against Gautier and Jane/John Doe. The district court considered Gonzalez's claims against all of the defendants jointly and correctly determined that he did not allege sufficient facts to indicate that the defendants deprived him of the opportunity to file meaningful objections; he filed two sets of objections, which were both considered by the habeas court. Gonzalez did not allege sufficient facts to indicate that his objections were incomplete as he did not identify any specific additional objections that he would have raised had he had access to more legal materials. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (stating that this court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

Further, Gonzalez did not allege sufficient facts to show that he was harmed by the missed appeal deadline. Gonzalez did not show that his appeal of the denial of his habeas petition, and in particular his *Brady*[1] claim, would have been nonfrivolous. Therefore, he has not shown that the district court

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

erred in finding he was not harmed by the missed appeal deadline. Moreover, Gonzalez did not allege sufficient facts to indicate that the defendants' actions prevented him from filing a timely notice of appeal in the habeas proceeding. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Because Gonzalez had 23 days to file a notice of appeal after the judgment was delivered to him, his allegations do not indicate that an alleged one-day delay in Gautier's delivery of the judgment actually prevented him from filing a timely notice of appeal. *See id.* We may affirm the district court's judgment on any ground supported by the record. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

In addition, Gonzalez has not shown that the district court erred in denying his retaliation claim. He did not make sufficient factual allegations to indicate that Assistant Warden Martha L. Burgess transferred him in retaliation for his filing grievances or allege a timeline of events from which the court could have plausibly inferred that Burgess acted in retaliation. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Further, the temporal proximity of his grievance and the transfer alone was not sufficient to state a claim that Burgess transferred him in retaliation for his filing the grievance. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *see also Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009).

IFP MOTION DENIED and APPEAL DISMISSED.