UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10777
Summary Calendar
Civil Docket # 3:00-CV-555

_____


AHMAD YUSUF ALI,

                                        Plaintiff-Appellant,

                      versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Texas
_____

July 11, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

        This appeal leads us to reiterate that inmates sentenced
to incarceration cannot state a viable Thirteenth Amendment claim
if the prison system requires them to work.  The district court's
decision denying relief to appellant Ali is thus affirmed.

        Ali's § 1983 claim arises from a hiatus in Texas law,
whose statutes did not specifically require inmates to work between

1989 and 1995,[1] and from some inartful language in one of this court's opinions. Ali began serving a 13-year sentence after his 1994 conviction for robbery. He alleges that because of the statutory gap, he was not sentenced to "hard labor." He then cites the following statement from this court: "We agree that a prisoner who is not sentenced to hard labor retains his Thirteenth Amendment rights . . ." Watson v. Graves, 909 F.2d 1549, 1552 (5th Cir. 1990).

Even if Watson correctly implied that a prisoner not sentenced to hard labor may make a Thirteenth Amendment claim, Ali conveniently overlooks the fact that this statement was dicta, because the court found that in any event the inmates' factual allegations did not comport with an involuntary servitude claim. Id. at 1552-1553.

Watson's statement about involuntary servitude is an anomaly in federal jurisprudence. Two years before Watson, this court rejected a Thirteenth Amendment claim made by a Texas prisoner, citing a half dozen previous federal decisions and the text of the Thirteenth Amendment:

> Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been

---

[1] Both before 1989 and after 1995, the statutes have clearly authorized that inmates may be ordered to labor as part of their punishment. See Tex. Rev. Civ. Stat. art. 6166x (repealed 1989); Tex. Gov't. Code § 497.090 (1995, repealed in 1999 and replaced by Tex. Gov't. Code § 497.099(a) (Vernon Supp. 2001)).

<u>duly convicted</u> shall exist within the United States, or any place subject to their jurisdiction.

U.S. Constitution, Thirteenth Amendment, § 1 (emphasis added). <u>Wendt v. Lynaugh</u>, 841 F.2d 619, 620-21 (5th Cir. 1988). <u>Wendt</u> quoted a Ninth Circuit case articulating the literal intent of the Thirteenth Amendment: "When a person is duly tried, convicted and sentenced in accordance with the law, no issue of peonage or involuntary servitude arises." <u>Draper v. Rhay</u>, 315 F.2d 193, 197 (9th Cir.), <u>cert. denied</u>, 375 U.S. 915 (1963). In the same year in which <u>Watson</u> was decided, this court held in two separate cases that forcing inmates to work without pay, and compelling them to work on private property without pay, do not violate the Thirteenth Amendment. <u>See</u> <u>Mikeska v. Collins</u>, 900 F.2d 833, 837 (5th Cir. 1990); <u>Murray v. Mississippi Department of Corrections</u>, 911 F.2d 1167 (5th Cir. 1990). Other decisions of this court have rejected similar claims. <u>Craine v. Alexander</u>, 756 F.2d 1070, 1075 (5th Cir. 1985); <u>Plaisance v. Phelps</u>, 845 F.2d 107, 108 (5th Cir. 1988). This court is always bound by earlier controlling precedents, if two of our decisions conflict. To the extent <u>Watson</u> conflicts with these earlier decisions, it lacks authority.[2]

---

[2]    Ali would distinguish <u>Wendt</u> from his case on the grounds that at the time of Wendt's conviction, Texas law clearly required inmates to work as part of their punishment. <u>Watson</u> also appears to classify <u>Wendt</u> as applicable when inmates have been sentenced to hard labor. For Thirteenth Amendment purposes, however, the precise terms of state law are irrelevant. The Constitution does not forbid an inmate's being required to work. Whether that requirement violates state law is a separate, non-constitutional issue not here raised by Ali.

Ali's final contention, that he was denied equal protection under a state law provision that grants release credit for days of work performed, is meritless. Tex. Crim. Proc. Code Ann. art. 43.10, rule 6 (Vernon Supp. 2001) (a person convicted of a misdemeanor, or confined in jail for a felony, is entitled to one day of sentence credit for each day he works). The rule does not apply to Ali, as he is serving a felony sentence in a TDCJ unit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

4