IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20636
Conference Calendar

_____


BOYD RODGERS,

                                        Plaintiff-Appellant,

versus

GERALD GARRETT; ALLAN B. POLUNSKY;
STATE OF TEXAS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3994
- - - - - - - - - -
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Boyd Rogers appeals the district court's dismissal as
frivolous of his 42 U.S.C. § 1983 complaint.  He argues that he
should be compensated, either with currency or credit towards his
prison sentence, for the labor he performs while he is
incarcerated in a TDCJ unit.  Rodgers' argument is without merit.
Forcing an inmate to work without pay is not a constitutional
violation.  *See Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir.
2001).  Furthermore, a prisoner in a TDCJ unit is not entitled to
work-time credit towards his release from incarceration.  *Id.*

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This appeal is without arguable merit and thus frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2. The district court's dismissal of Rodgers' complaint counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal of his appeal also counts as a strike. *Id.* Rodgers is cautioned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.