# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

No. 09-50266
Summary Calendar

Charles R. Fulbruge III
Clerk

ARTUMUS GREGG VILLARREAL,

Plaintiff-Appellant,

versus

SENIOR WARDEN PAUL MORALES,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-72

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Artumus Villarreal, Texas prisoner # 691769, contests the dismissal of his

42 U.S.C. § 1983 civil rights complaint as frivolous under 28 U.S.C. §§ 1915A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and 1915(e). Villarreal asserts that the Texas Department of Criminal Justice —–Correctional Institutions Division requires him to engage in prison labor or face disciplinary charges and punishment in violation of his constitutional rights. We review the dismissal as frivolous for abuse of discretion. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted).

Villarreal argues that, because he was sentenced in 1994, when Texas law did not provide specifically for the imposition of labor on convicted inmates, compelling him to work violates the Thirteenth Amendment prohibition on involuntary servitude. The Thirteenth Amendment, however, excepts, from the general prohibition, compelled labor as punishment for a crime. *See Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor. *See id.* To the extent that Villarreal argues that compulsory labor violates state law, he asserts a "separate, non-constitutional issue." *See id.* at 318 n.2. Villarreal's argument that he is compelled to work by the threat of disciplinary proceedings is similarly without merit.[1]

Moreover, Villarreal has failed to show that the district court abused its discretion in dismissing as frivolous his Tenth Amendment claim. The legal conclusion that compulsory labor for convicted inmates is constitutional does not contravene the Tenth Amendment's directive that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are re-

---

[1] *See Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990) (cited with approval in *Ali*, 259 F.3d at 318), *opinion withdrawn and superseded on reh'g on jurisdictional grounds and reinstated in relevant part*, 928 F.2d 126, 126 (5th Cir. 1991), *opinion on reh'g abrogated in part on jurisdictional grounds by Wash v. Johnson*, 343 F.3d 685, 687-88 (5th Cir. 2003) (per curiam).

served to the States respectively, or to the people."[2] Rather, the legal conclusion supports the prerogative of the states to determine the appropriate punishment for violations of their laws. Villarreal's challenge that the state prison system, as part of the executive branch of state government, is acting as part of the judicial branch of government when it imposes labor as part of the punishment for a crime is equally without merit.[3]

Villarreal argues that compelling him to work adds a further punishment to his sentence in violation of the prohibition against double jeopardy and his due process rights. The Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense . . . and then only when such occurs in successive proceedings . . . ." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (internal citations and emphasis omitted). The statutorily authorized labor in Texas is part of a convict's punishment in Texas, not an additional criminal punishment imposed in a separate proceeding. *See Ali*, 259 F.3d at 317-18; *Hudson*, 522 U.S. at 98-99.

Villarreal additionally contends that imposing labor on him pursuant to a statute enacted after he was sentenced violates the Ex Post Facto Clause. Although application to Villarreal of the law specifically permitting compulsory labor was retrospective treatment, it neither altered the definition of criminal conduct nor increased his punishment. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997); *Ali*, 259 F.3d at 318; *Mikeska*, 900 F.2d at 837.

Villarreal has failed to show that the district court abused its discretion in dismissing his complaint as frivolous. *See Harper*, 174 F.3d at 718. This ap-

---

[2] *See United States v. Lipscomb*, 299 F.3d 303, 361 (5th Cir. 2002) (noting that the amendment addresses the "proper balance between the States and the Federal Government" under which, generally, the "states possess the primary authority to define and enforce criminal law").

[3] *See Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957) ("T]his Court has held that the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments.").

peal, likewise, is frivolous.  *See* 5TH CIR. R. 42.2.  Both the district court's dismissal of Villarreal's complaint as frivolous and our dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Villarreal is warned that, if he accumulates three strikes under § 1915(g), he will not be allowed to proceed *in forma pauperis* in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.