# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2013

Lyle W. Cayce
Clerk

No. 12-11065
Summary Calendar

JEFFERY SCOTT BONNEVILLE,

Plaintiff-Appellant

v.

DAVID BASSE, Unit Health Authority; KELLE WALLACE, FHA; CHARLES
R. MCDUFFIE, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-200

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jeffery Scott Bonneville, Texas prisoner # 1244488, proceeding pro se and
in forma pauperis (IFP), appeals the dismissal of his 42 U.S.C. § 1983 complaint.
Bonneville argues that the defendants were deliberately indifferent to his
medical needs and that he should be paid for the work he performs in prison.

The district court dismissed Bonneville's complaint as frivolous and for
failure to state a claim on which relief could be granted. *See* 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2), 1915A.  Accordingly, we review the decision de novo.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

Bonneville asserts the following claims concerning Dr. Basse.  The doctor ordered Bonneville to perform back exercises and reduced the dosage of ibuprofen that Bonneville had been taking for his back pain.  Dr. Basse never examined Bonneville's back and relied on an x-ray from 2007 to evaluate his condition.  The prescribed exercises worsened the back pain.  Additionally, Dr. Basse decided to treat Bonneville's knee pain with 600 milligrams of ibuprofen rather than a knee brace or a walking aid.  After falling down, Bonneville was denied immediate medical treatment.  Bonneville must walk a long distance to reach the pill window and must wait in line for a long time to obtain his medication.

The record shows that Bonneville received treatment for his painful conditions.  The above assertions concerning Dr. Basse indicate only Bonneville's disagreement with the prescribed treatment; these assertions are not sufficient to establish that Dr. Basse acted with deliberate indifference to Bonneville's serious medical needs.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Even if these facts show that Dr. Basse's treatment was negligent, negligent medical care does not constitute a valid §1983 claim.  *See id.*

Additionally, Bonneville contends that Kelle Wallace is liable under § 1983 because a causal connection existed between her failure to favorably resolve his grievances and Dr. Basse's deliberate indifference.  Wallace cannot be held liable under § 1983 in the absence of a constitutional violation.  *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  A prisoner does not have a constitutionally

protected liberty interest in having "grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

In his work-related claim, Bonneville argues that he cannot purchase his medications from the commissary because he is not being paid to work in prison. Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). Bonneville admitted that he receives medication for pain, just not in the manner and quantity that he had previously.

Because Bonneville has failed to brief his claims against Charles Wallace, he has abandoned them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Bonneville's claims regarding (1) Dr. Basse's failure to renew other prescription medications; (2) Dr. Basse's failure to treat his infected toenail; (3) the State's failure to award good time credits; and (4) the denial of his right to humane conditions of confinement are raised for the first time on appeal and are factual in nature; therefore, we do not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (stating that this court will not allow a party to raise a claim for the first time on appeal).

Bonneville's appeal is without arguable merit and, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is dismissed as frivolous. *See* 5th Cir. R. 42.2. In light of the foregoing and because Bonneville has not shown the existence of exceptional circumstances warranting the appointment of counsel, his motion is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The district court's dismissal of Bonneville's complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Bonneville is hereby cautioned that if he accumulates three strikes he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.