934-15   935-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

CAUSE NO.＿＿＿＿＿＿

Trial Court cause no. 1408625
and cause no. 1408626

in the 262nd District Court
of Harris County

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

Court of Appeals No. 01-14-00697-CR
and cause no. 01-14-00698-CR

in the Court of Appeals for
the First District of Houston

PETITION FOR DISCRETIONARY REVIEW

in the
Court of Criminal Appeals
Austin Texas

David Sendejo
#01947386
French M. Robertson
12071 F.M. 3522
Abilene Tx. 79601

# TABLE OF CONTENTS

Cover.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. i

Table of Contents.. .. .. .. .. .. .. .. .. .. .. ..ii

Table of Cases.. .. .. .. .. .. .. .. .. .. .. iii

Waiver of Oral Argument.. .. .. .. .. .. .. .. .. iii

Motion to Suspend a Rule.. .. .. .. .. .. .. .. .. iv

Motion for Further Extention of Time.. .. .. .. .. .. .. iv

Petition for Discretionary Review.. .. .. .. .. .. .. .. 1

    Jurisdiction.. .. .. .. .. .. .. .. .. .. .. 1

    Statement of the Case.. .. .. .. .. .. .. .. .. ..1

    Statement of Procedural History..... .. .. .. .. .. .1

    Grounds for Review.. .. .. .. .. .. .. .. .. .2

    Reasons for Review.. .. .. .. .. .. .. .. .. . 2-5

    Prayer.. .. .. .. .. .. .. .. ... ... ... ... 5

Certificate of Service... ... ... ... .. .. .. .. .. 6

Verification.. .. .. .. .. .. .. .. .. .. .. .. .. 6

Declaration of Inability to Pay.. .. .. .. .. .. .. .. 7

Appendix.. .. .. .. .. .. .. .. .. .. .. End.

# TABLE OF CASES

Archie v. State 221 S.W.3d 695, 699 (Tex.Crim.App. 2007).. ... .. .. .. .4

Austin v. State, 222 S.W.3d 801 (Tex.App. Hou.[14th Dist] 2007).. .. .. ..5

Brooks v. State, 322 S.W.3d 893, 912 (Tex.Crim.App. 2010).. .. .. .. .. ..3

Hudson v. State, 179 S.W.3d 731, 738 (Tex.App. Hou. [14th Dist.] 2005).. .. 4

Johnson v. State, 176 S.W.3d 74, 78 (Tex.App.-Hou. [14th Dist.] 2004).. .. 3

Kemp v. State 846 S.W.2d 289, 308 (Tex.Crim.App. 1992).. .. .. .. .. .. 4

Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999).. .. .. .. .. .. 4

Temple v. State, 390 S.W.3d 341 (Tex.Crim.App. 2013).. .. .. .. .. .. .3

Wead v. State 120 S.W.3d 126, 129 (Tex.Crim,App. 2004).. .. .. .. .. .. 4

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

NOTE;

The issue of sufficiency is of course inherently a due process claim involving a fifth and fourteenth amendment issue and is well recognized as such under Fuller v. State 73 S.W.3d 250, 252 (Tex.Crim.App. 2002).

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

## ORAL ARGUMENT

Sendejo being unfamiliar with the law asks that the court waive oral argument.

David Sendejo                                    8.28.15

# MOTION TO SUSPEND A RULE

TO THE HONORABLE JUSTICES OF SAID COURT

Now comes David Sendejo who moves to suspend a rule of the rules of appellate procedure and any other court rules that require multiple copies.

## I
## JURISDICTION

This honorable court has jurisdiction and venue pursuant to the Texas Rules of Appellate Procedure, Rule 66 et seq.

## II
## MOTION

The Texas Rules of Appellate Procedure (TRAP) under Rule 2 allows for suspension of a rule for good cause.

Sendejo asks the honorable court to suspend Rule 9.3 Number of Copies and any other rule that demands multiple copies.

Sendejo is an impoverished inmate living at the French M. Robertson unit where he has no access to photocopiers, computers or other means of making multiple copies such as ditto machines. The sole manner he can reproduce things is through carbon copies and even those are limited owing to the fact that he has a limit on the number of copies a carbon can legiblly make and the TDCJ limits the number of carbons he can possess.

Moreso in the event that he attempted to reproduce sufficient copies for the court. The fact is that many would be illegible and the burden would fall to the clerk to make copies any way, using up the vital resource of paper.

WHEREFORE PREMISES CONSIDERED Sendejo asks that he be allowed to simply submit assingle copy of this his petition for discretionary review.

David Sendejo                                   8-28 15

iv

## MOTION FOR FURTHER EXTENTION OF TIME

TO THE HONORABLE JUSTICES OF SAID COURT

Now comes David Sendejo, Pro se, who moves that the court GRANT AN ADDITIONAL EXTENTION OF TIME. In support;

Sendejo was advised by his attorney that if he wanted to file a motion for extention of time to file the PDR he had to do so no later than 15 days after June 18th 2015. Sendejo filed a motion to the Court of Criminal Appeals asking for a full 90 day extention of time. This was because the French M. Robertson had begun to experience water problems and law library and other activities had begun to be curtailed.

Additionally, the TDCJ Law Library has very limited resources from which to learn and obtain assistance.

Sendejo has filed two motions for extention of time during the period described above. To date he has not recieved a single reply nor a specific date to have the P.D.R. filed. As such Sendejo has asked for additional time to file the PDR.

WHEREFORE PREMISES CONSIDERED Sendejo prays that this court will GRANT AN ADDITIONAL extention of time to file the P.D.R.



8·28·15

Cause No. _____

David Sendejo                                    In the Court of
Petitioner

v.                                               Criminal Appeals

The State of Texas                               Austin, Texas
Respondent


PETITION FOR DISCRETIONARY REVIEW


TO THE HONORABLE JUSTICES OF SAID COURT;

Now comes David Sendejo, TDCJ#01947386 who presents this his petition for discretionary review.

I
JURISDICTION

Pursuant to the Code of Appellate Procedure this court has jurisdiction and venue..


II
STATEMENT OF THE CASE

Petitioner Sendejo is appealing his conviction of aggravated assault with a firearm, wherein he allegedly shot Aaron Franco through a door. The petition is based upon questions of sufficiency of evidence and denial of mistrial for violations of limine order.


III
STATEMENT OF PROCEDURAL HISTORY

Sendejo was charged by indictment with aggravated assault with a deadly weapon of Aaron Franco by shooting him with a firearm and causing bodily injury. This indictment was under cause no. 1408625.   A second indictment included an enhancement paragraph under the charge of aggravated assault of Angel Franco.   The first incident was alleged to have occured on July 30, 2013 the second July 30, 2014.

Sendejo entered a plea of not guilty in both cases and a jury was empanelled to try them together and tried together.  Sendejo was found guilty and sentenced to a concurrent term of 65 years.  Sendejo gave notice of appeal.


PDR 1

The court certified Sendejo's right to appeal and appeal was taken to the honorable First District Court of Appeals in Houston. A Memorandum opinion was issued June 18th, 2015, the decision was unpublished. A motion for extention of time was filed on July 17th 2015.


## IV
## GROUNDS FOR REVIEW

Ground One; Sendejo contends that there was insufficient evidence to support a conviction.

Ground One; Sendejo contends that the trial court erred in denying a mistrial for the violation of his motion in Limine.


## V
## REASONS FOR REVIEW

Ground One; The complainants testified that they did not see Sendejo with a gun on the night of the shooting. They saw no gun even though he came to their door repeatedly and his behavior was threatening. No gun was ever found. No evidence was admitted that Sendejo had ever been seen with a gun on any other occasion. The police investigation was conclusory in that they had the Franco's identify Sendejo from a single photo instead of a photo array. The police made no effort to exclude any source of the gunshot other than Sendejo. Without further proof, a rational jury should not have found Sendejo guilty.

The elements of the offense include under Texas Penal Code §2202(a) a person commits an assault if the person 1. causes serious bodily injury and 2. uses or exhibits a deadly weapon during the commission of the assault. Under §22.01(a) A person commits an offense if the person; 1. intentionally, knowingly or recklessly causes bodily injury. 2. intentionally or knowingly threatens another with imminent bodily injury.

The evidence left no doubt that Aaron Franco and Angel Franco suffered serious bodily injury inflicted by a deadly weapon. Unresolved was the question of whether or not the shots were fired by Sendejo. Because the shots were fired through a closed door and no evidence directly linked the shots to Sendejo.

The standard of review in legal-sufficiency analysis is well understood to be Brooks v. State 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). As such the trial court's denial of Sendejo's motion for an instructed verdict should be reviewed by this court.

The court of Appeals held on page 6 of it's memorandum opinion; SEE EXHIBIT A, that "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." qouting Temple v. State 390 S.W.3d 341, 359 (Tex.Crim.App. 2013). In circumstantial evidence cases it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt. Again there was no identification of the shooter made in court see Reporter's Record RR III 20-24.)

The issue is not about circumstantial evidence, the issue is about the proper application of the sufficiency standard! Identity simply was never proven, and such is a fact that as an element of the offense must be proven beyond a reasonable doubt see Johnson v. State 176 S.W.3d 74, 78 (Tex.App.- Houston [1st Dist.] 2004, pet. ref'd).

A careful review of the evidence suggests that a reasonable doubt remains that Sendejo fired the shot. Both Aaron Franco and Angel Franco testified that they did not see Sendejo with a gun on the night of the shooting. (RR III 29, 93) neither saw a gun even though the Francos had several opportunities to view Sendejo during his repeated visits at their door. (RR III 34). They testi- that Sendejo was "progressively more belligerent." (RR III 20, 22-24). Their descriptions indicate that Sendejo was more threating, yet he did not according to the witness testimony see him brandish a weapon or display a gun. (RR III 22-23, 41-42). The shot was fired through a solid door that they admit they could not see through to identify the suspect. (RR III 47).

Ground Two; Sendejo argues that the trial court erred in denying a mistrial for the violation of his motion in Limine.

Prior to trial, the State gave notice to Sendejo of its intent to call witnesses to testify that they had seen him with a gun prior to the evening of the alleged assault. (RR III, 5-7) Sendejo made a motion in limine to exclude the testimony on the ground that it was more prejudicial than probative that he was carrying a gun at the time of the alleged assault. The court GRANTED the motion in limine. (RR III 5-7)

On direct examination the prosecutor asked Angel Franco "How do you know the defendant is the one that shot you?" He answered, "Everyone has always seen him with that gun that he's had." (RR III 43). The court granted Sendejo's objection and also instructed the jury to disregard Angel Franco's statement (RR III 43). Sendejo moved for a mistrial which was denied (RR III 44) However the court reiterated that the motion in limine had been granted and instructed the prosecutor not to ask any witness if Sendejo had been seen with a gun prior to the shooting. (RR III 46, 49)

The trial court's ruling on a motion for mistrial is reviewed on an abuse discretion standard. Archie v. State 221 S.W.3d 695, 699 (Tex.Crim.App. 2007) see also Hudson v. State 179 S.W.3d 731, 738 (Tex.App.-Houston [14th Dist.] 2005, no pet.) To establish an abuse of discretion, the trial court's ruling must fall outside of the zone of reasonable disagreement. Wead v. State 120 S.W.3d 126, 129 (Tex.Crim.App. 2004). Denial of a mistrial falls outside the zone of reasonable disagreement when the defendant has suffered prejudice that cannot be cured by a jury instruction. Ladd v. State 3 S.W.3d 547, 567 (Tex.Crim.App. 1999).

Again Reasonable doubt is the standard of review at the trial court level and the state is required to demonstrate proof beyond that level. Aside from that Angel Franco's response to that question there was no direct evidence whatsoever that Sendejo was in possession of a firearm by which to commit the offense.

Testimony regarding extraneous conduct can be rendered harmless by a jury instruction, unless the substance of the testimony suggests that it made an impression that the jury would be unable to disregard. Kemp v. State 846 S.W.2d 289, 308 (Tex.Crim.App. 1992). Whether this standard has been met depends on the particular facts of each case. Ladd ibid 3 S.W.3d at 567. Angel Franco's statement was particularly harmful to Sendejo. It provided an otherwise missing link to establish that Sendejo had a history of having access to a firearm.

In determining whether the trial court abused its discretion, a reviewing court must examine much the same factors that would be considered in a harm analysis see Archie ibid 221 S.W.3d at 700. These include 1) the prejudicial effect; 2) the curative measures taken by the trial court; and 3) the

liklihood of conviction in the absence of the prejudicial event. See Hawkins v. State 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) Clearly the first and third factors tell in favor of a finding of prejudicial harm.

This issue was given detailed analysis in the case of Austin v. State 222 S.W.3d 801 (Tex.App.—Houston [14th Dist.] 2007 pet. ref'd) where the idea of "curative measures as a counter for a motion in limine violations" was discussed at length. In Austin, the defendant was charged with injury to her own child. The trial court granted a motion in limine barring testimony that another of her children had died under suspicious circumstances. Id at 813. After a witness violated the motion, the court instructed the jury in detail that the testimony should "never have been brought out before the jury" and admonished them in the strongest terms not to consider it. The court further instructed the jury to do "soul searching" over a recess and polled them individually to make a record that they all felt able to comply. Id at 813-815. This court concluded that the limine violation was deeply prejudicial. However, in view of the court's curative measures, as well as the strength of other evidence of the defendant's guilt, the trial court's denial of a mistrial was reasonable. ibid at 816.

Sendejo's case is clearly distinguished from Austin. In Austin, the limine violation was merely cumulative of other evidence of the defendant's which the court of appeals described as "egregious" id at 816. In Sendejo's case other than the limine violation there was no direct testimony that Sendejo had ever been seen carrying a gun. Hence the violation went to the core issue of proving guilt. Moreover, the curative measures taken in Sendejo's case were far less agressive than those taken by the trial court in Austin.

Finally the Honorable Court of Criminal Appeals should review this under discretionary review becasue the violation of such motions in limine - has the ability to impact large numbers of defendants.

## PRAYER

Sendejo prays that the court will GRANT this petition for discretionary review and order a full brief of the applicable questions.

David Sendejo                                    8.28.15

PDR 5

## CERTIFICATE OF SERVICE

I, David Sendejo #01947386 certify and affirm that on the date below I have sent one original copy of my Petition for Discretionary Review to the Court of Criminal Appeals at P.O. BOX 12308 Austin Tx. 78711 with a carbon copy sent to the Special Prosecution Attorney at P.O. BOX 13046 Austin Tx. 78711 and another carbon copy to the Attorney General's Office at P.O. Box 12458 Austin Tx. 78711, all of which were sent by regular mail, first class, postage pre-paid by deposit same into the prison mail system.

David Sendejo                    8.28.15

## VERIFICATION

I, David Sendejo verify that the above is true and correct pursuant to Tex.Civ.Prac.& Rem. Code §132.001-3.

David Sendejo                    8.28.15

Declaration of Inability to Pay

TO THE HONORABLE JUSTICES OF SAID COURT:

The following declaration is made pursuant to Texas Rules of Court.

1. I am presently incarcerated in the French M. Robertson unit near Abilene Tx a unit of the Texas Dept. of Criminal Justice-Correctional Institutional Division (TDCJ herein) where I am not permitted to earn nor handle money. See Ali v. Johnson 259 F.3d 317 (5th Cir. 2005)

2. I have no source of income or spousal income.

3. I currently have approximately $80.ºº credited to me in the inmate trust fund in TDCJ.

4. During my incarceration in the TDCJ system I have recieved about $50.ºº per month as gifts from relatives and friends.

5. I neither own nor have interest in any realty, stocks, or bank accounts and I recieve no interest or dividend income from any source.

6. I have __/__ dependents.

7. I have total debts of $ 0.00 .

8. I owe approximately $ 0.00 .

9. My monthly expense are about $5.00.

I, David Sendejo #01947386 verify and affirm that the above is true and correct pursuant to Tex.Civ.Prac. & Rem. Code §132: 001-3.

_David Sendejo_                    _8·28·15_

APPENDIX

EXHIBIT ONE
Memorandum opinion of court of appeals



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-14-00698-CR

DAVID SENDEJO, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 262nd District Court of Harris County. (Tr. Ct. No. 1408626).

This case is an appeal from the final judgment signed by the trial court on August 11, 2014. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered June 18, 2015.

Panel consists of Justices Keyes, Huddle, and Lloyd. Opinion delivered by Justice Huddle.

Opinion issued June 18, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00697-CR

NO. 01-14-00698-CR

———————————

**DAVID SENDEJO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Case Nos. 1408625 & 1408626

———————————

## MEMORANDUM OPINION

Appellant David Sendejo was charged by two indictments with aggravated assault with a deadly weapon, enhanced by a prior felony conviction of aggravated robbery. The cases were tried together and a jury found Sendejo guilty. He

pleaded true to the enhancement allegation, and the trial court assessed punishment at 65 years' confinement for each conviction and ordered that the sentences run concurrently. In two issues, Sendejo contends that (1) the evidence is legally insufficient to support his convictions and (2) the trial court erred in denying his motion for a mistrial when one of the complainants testified, in violation of the trial court's order in limine, that Sendejo had been seen with a gun on other occasions. We affirm.[1]

## Background

Aaron Franco lived in a downstairs unit of a 10-unit apartment complex. On the night of July 30, 2013, Aaron's son, Marcellino Franco, and 16 year old grandson, Angel Franco, were visiting Aaron's apartment. Around midnight, they were watching television when they heard a knock on the door.

Aaron testified at trial that he answered the door and recognized Sendejo, who had been a frequent visitor to the apartment complex in recent months, and let him in. Sendejo asked Aaron where he could find "the black guy that carries the backpack" who lived in the apartment complex. Sendejo was "very hyper" and "very agitated," but he left after Aaron told him that the man lived in unit four.

---

[1] Appellate cause number 01–14–00697–CR is the appeal from the conviction for aggravated assault of Aaron Franco (trial court number 1408625), and appellate cause number 01–14–00698–CR is the appeal from the conviction for aggravated assault of Angel Franco (trial court cause number 1408626).

2

A few minutes later, Sendejo returned and knocked on Aaron's door again. Sendejo told Aaron that he had looked for the man in the apartment at "the end" of the complex but no one was home. Sendejo also asked Aaron why he had lied to him. Aaron told Sendejo that the apartment at the end of the complex was unit five, and he had directed Sendejo to unit four. Sendejo left again, presumably to look for the man who lived in unit four.

After Sendejo left, Aaron turned on his porch light. About three or four seconds later, Aaron heard the light "get slapped." Aaron opened the door, and Sendejo asked him why he "was trying to get in the middle of [his] s--t." Sendejo told Aaron that he would "come back and talk to [Aaron]."

About two minutes after Aaron closed the door, Sendejo knocked on Aaron's door a third time. Aaron opened the door halfway, and Sendejo asked to talk. When Aaron told Sendejo to leave and that they could talk later, Sendejo said, "no, we need to talk now" and attempted to push his way into the apartment. Aaron pushed Sendejo out of the apartment and closed the door. Aaron testified that as he shut the door, his grandson Angel stood up and started walking towards the door to lock it. When Angel was about halfway to the door, a bullet came through the door.

The bullet went through Angel's finger, through Aaron's left arm, and into Aaron's stomach. Aaron testified that the shot was fired almost immediately after

3

he closed the door; the amount of time that elapsed between the time he closed the door on Sendejo and the time the shot was fired was two seconds, at most. Aaron was "a hundred percent" sure that Sendejo was the shooter. Although Aaron testified that he did not see Sendejo carrying a gun, he testified that Sendejo was alone each of the three times that he came to Aaron's door.

Angel testified at trial and corroborated Aaron's testimony. Angel recognized Sendejo, whom he had seen regularly at Aaron's apartment complex. Angel testified that about five minutes passed between each time that Sendejo knocked on Aaron's door. According to Angel, Sendejo was "fidgety," agitated, and anxious the first time he knocked on the door and his agitation increased each time he returned. Angel testified that Sendejo was "a little bit more mad" when he knocked the third time and tried to "shove" his way into the apartment. Angel also testified that the shot was fired "like at the same time" that the door closed on Sendejo.

Although he did not see Sendejo holding a gun, Angel testified that he was sure that Sendejo was the shooter because "he was the only one by the door and everyone has always seen him with that gun that he's had." The trial court sustained Sendejo's objection to this statement and instructed the jury to disregard it. Sendejo moved for a mistrial, which the trial court denied.

4

Houston Police Department ("HPD") Officer R. Salas testified that he observed a bullet hole in the center of the door at waist level and that a nine-millimeter Luger shell cartridge was recovered outside of Aaron's apartment. Officer Salas also testified that it takes approximately one second for a person to load a gun if he is holding the gun in his hand.

HDP Officer J. Johnston investigated the case and testified that Aaron and Angel each named Sendejo as the shooter and identified Sendejo in a photo array.

The jury rejected Sendejo's defensive theory—that someone who lived in a nearby blue house could have been the shooter—and found him guilty of both charges of aggravated assault. Sendejo timely appealed.

## Sufficiency of the Evidence

In his first issue, Sendejo contends that the evidence was legally insufficient to support his convictions because the State failed to prove an essential element of the offense—identity.

### A. Standard of Review

Evidence is insufficient to support a conviction if, considering all record evidence in the light most favorable to the verdict, a factfinder could not have rationally found that each essential element of the charged offense was proven beyond a reasonable doubt. *Gonzalez v. State*, 337 S.W.3d 473, 478 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319,

99 S. Ct. 2781, 2789 (1979)). We determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).

We consider direct and circumstantial evidence, and all reasonable inferences in support of the verdict that may be drawn from the evidence in making our determination. *Id.* at 778. "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (quoting *Hooper*, 214 S.W.3d at 13). In circumstantial evidence cases, it is not necessary that every fact and circumstance point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Id.* at 359–60 (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. We likewise defer to the factfinder's evaluation of the credibility of the evidence and

6

the weight to give the evidence. *Gonzalez*, 337 S.W.3d at 479 (citing *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

## B. Applicable Law

A person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury" to another person. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). A person commits the offense of aggravated assault if he "commits assault as defined in [section] 22.01 and [he] . . . uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2) (West 2011). A firearm is, per se, a deadly weapon. *See id.* § 1.07(a)(17) (West Supp. 2014). "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

## C. Analysis

To prove Sendejo guilty of two charges of aggravated assault, the State had to prove beyond a reasonable doubt that Sendejo intentionally, knowingly, or recklessly caused bodily injury to Aaron and Angel and that he used or exhibited a deadly weapon during the commission of the assault. Sendejo contends only that there is insufficient evidence to prove identity.

The identity of the person committing the offense is an element of the crime that must be proved. *See Greene v. State*, 124 S.W.3d 789, 792 (Tex. App.— Houston [1st Dist.] 2003, pet. ref'd) (noting defendant's identity can be proved by

7

direct or circumstantial evidence and that eyewitness identification is not necessary). We review the totality of the circumstances to determine whether there is sufficient evidence that a defendant is the individual who committed the offense. *Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). Identity may be proven by direct or circumstantial evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *see also Ford v. State*, 852 S.W.2d 641, 642 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

We conclude that sufficient evidence supports the jury's finding beyond a reasonable doubt that Sendejo was the shooter. First, Aaron and Angel each testified that the gun shot was fired immediately after Aaron closed the front door on Sendejo, and they each testified that Sendejo was alone each of the three times that Sendejo came to Aaron's door.

Second, the evidence showed that Sendejo was agitated and argued with Aaron moments before the shooting. Aaron and Angel each testified that Sendejo became increasingly argumentative each time he came to the door and that he attempted to force his way into Aaron's apartment in the moments before the gun fired.

Third, Sendejo left the scene after the shooting. Although it is undisputed that Sendejo was outside of Aaron's apartment immediately before the shooting, he was not at the scene when the ambulance arrived minutes later. *See Brown v.*

*State*, 657 S.W.2d 117, 119 (Tex. Crim. App. 1983) (stating that conduct of defendant subsequent to alleged commission of crime that indicates consciousness of guilt is circumstance tending to prove that defendant committed act with which he is charged); *Yost v. State*, 222 S.W.3d 865, 875 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding that evidence that defendant left scene of crime reflected consciousness of guilt).

Sendejo contends that the evidence was insufficient because neither Aaron nor Angel saw Sendejo shoot a gun or even carry a gun that night. According to Sendejo, the State's failure to present an eyewitness identifying Sendejo as the shooter renders the evidence insufficient. But eyewitness identification is not required for a conviction. *Greene*, 124 S.W.3d at 792 (eyewitness identification is not necessary to identify perpetrator).

Sendejo also points out that the jury could have concluded that he was not the shooter based on evidence that a person living in a nearby blue house could have been the shooter. The jury implicitly rejected Sendejo's defensive theory, and we must defer to the jury's resolution. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012) (appellate court presumes jury resolved conflicting evidence in favor of verdict and defer to that determination); *Henson v. State*, 388 S.W.3d 762, 773 (Tex. App.—Houston [1st Dist.] 2012) ("verdict of guilty is an

9

implicit finding rejecting the defendant's [defensive] theory"), *aff'd*, 407 S.W.3d 764 (Tex. Crim. App. 2013).

Viewing the evidence in the light most favorable to the verdicts, we conclude that a rational juror could have found beyond a reasonable doubt that Sendejo intentionally, knowingly, or recklessly caused bodily injury to Aaron and Angel while using a deadly weapon. Accordingly, we hold the evidence was legally sufficient to support the convictions. *See Gardner*, 306 S.W.3d at 285–86 (circumstantial evidence sufficient to prove appellant was shooter in capital murder case even though no eyewitness testimony); *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("Proof of the accused's identity through circumstantial evidence is not subject to a more rigorous standard than is proof by direct evidence, as both are equally probative."); *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (State may prove identity with circumstantial evidence).

We overrule Sendejo's first issue.

### Motion for Mistrial

In his second issue, Sendejo contends that the trial court abused its discretion in denying his motion for mistrial. He contends that Angel's statement that everyone has always seen Sendejo with a gun caused harm that could not have been cured by instructing the jury to disregard the statement.

## A. Standard of Review and Applicable Law

A mistrial is the trial court's remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is required only in extreme circumstances where the prejudice is incurable. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).

Generally, an instruction to disregard impermissible testimony cures any prejudicial effect. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer . . . ."); *Delacerda v. State*, 425 S.W.3d 367, 388–89 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same). We determine whether a trial court abused its discretion by denying a mistrial by balancing the three *Mosley* factors: (1) the severity of the misconduct or the magnitude of the prejudicial effect, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998); *see Ludwig v. State*, 428 S.W.3d 344, 351 (Tex. App.—Amarillo 2014, no pet.) (applying *Mosley* factors to determine whether trial court abused its discretion in denying mistrial motion where witness's testimony was improper); *Delacerda*, 425 S.W.3d at 388 (same).

11

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). An appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead*, 129 S.W.3d at 129.

## B.   Analysis

Applying the *Mosley* factors to this case, we conclude that the trial court did not abuse its discretion by denying Sendejo's motion for mistrial. Under the first *Mosley* factor, we evaluate the severity of the misconduct or the magnitude of the prejudice it likely caused. *Ludwig*, 428 S.W.3d at 351 ("In analyzing the 'severity' or 'magnitude' of the prejudice, we look at the context of the statement and whether [it] was referred to during the balance of the trial.").

Here, Angel's statement was not so extreme, manifestly improper, or prejudicial as to render it incurable by instruction. The complained-of testimony was brief, constituted only a small part of Angel's testimony, and was neither repeated in testimony nor referred to during closing argument. We also note that the prosecutor's question did not call for the complained-of response—in other words, the record reveals no misconduct by the State. *See Hawkins*, 135 S.W.3d at 83 (noting under first *Mosley* factor that improper statement was isolated incident); *Ludwig*, 428 S.W.3d at 350–51 (first *Mosley* factor weighed against mistrial

12

because State's question did not inherently call for complained-of response and statement was not repeated or mentioned by State); *Delacerda*, 425 S.W.3d at 389 (trial court did not abuse its discretion in denying mistrial where police investigator's statement was brief and State did not emphasize or assert it during closing argument).

Under the second *Mosley* factor, we consider the measures adopted to cure the misconduct. *Mosley*, 983 S.W.2d at 259. Here, after sustaining Sendejo's objection, the trial court promptly instructed the jury orally to disregard the statement. The law generally presumes an instruction to disregard and other cautionary instructions will be obeyed by the jury. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). And the Court of Criminal Appeals has held that "[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses." *Ovalle*, 13 S.W.3d at 783; *see Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) ("I[t] is well-settled that testimony referring to or implying extraneous [bad acts] can be [cured] by an instruction to disregard . . . .").

Under the third *Mosley* factor, we consider the certainty of conviction without the misconduct. *See Mosley*, 983 S.W.2d at 259. It is undisputed that Sendejo was at the scene immediately before the shot was fired. And Aaron and Angel each testified that Sendejo was angry and had attempted to push his way

13

into Aaron's apartment. They also testified that the shot was fired almost immediately after Aaron shut the door on Sendejo and that no other person was on the porch at that time. This is strong evidence of guilt.

Balancing the *Mosley* factors, we hold that the trial court did not abuse its discretion by denying Sendejo's motion for mistrial. *See Rojas v. State*, 986 S.W.2d 241, 250–51 (Tex. Crim. App. 1998) (trial court's instruction to disregard cured any error by State's witness testifying that appellant exhibited "past anger" and "past violence"); *Alexander v. State*, 229 S.W.3d 731, 743–44 (Tex. App.—San Antonio 2007, pet. ref'd) (trial court did not abuse its discretion in denying mistrial in capital murder case where State's witness stated that appellant was "always talking about how she has access to guns and drugs" because trial court instructed jury to disregard and statement was isolated reference that was not repeated during trial); *Banks v. State*, 955 S.W.2d 116, 119 (Tex. App.—Fort Worth 1997, no pet.) (per curiam) (trial court's instruction to disregard rendered error harmless in murder case where prosecutor asked appellant's girlfriend if she had seen appellant with gun and she answered "Not that weekend [of the shooting]" because State did not pursue questioning after objection was sustained and record showed State was not attempting to taint outcome of trial).

We overrule Sendejo's second issue.

14

## Conclusion

We affirm the judgments of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

15

EXHIBIT TWO

Letter from appellate counsel

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE



U.S. POSTAGE >> PITNEY BOWES

ZIP 78701
02 1W
0001401682 JUL 27 2015
$ 000.27⁵

**7/24/2015**
**SENDEJO, DAVID**          Tr. Ct. No. 1408626          COA Case No. 01-14-00698-CR
                                                          **PD-0935-15**

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Friday, September 18, 2015. NO FURTHER EXTENSIONS WILL BE ENTERTAINED. NOTE: Petition For Discretionary Review must be filed with The Court of Criminal Appeals.

Abel Acosta, Clerk

DAVID SENDEJO
TDC# 1947386
ROBERTSON UNIT
12071 FM 3522
ABILENE, TX 79601

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701
02 1W
0001401682 JUL 27 2015
$ 000.27⁵

**7/24/2015**
**SENDEJO, DAVID**          Tr. Ct. No. 1408625          COA Case No. 01-14-00697-CR
                                                          **PD-0934-15**

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the petition has been extended to Friday, September 18, 2015. NO FURTHER EXTENSIONS WILL BE ENTERTAINED. NOTE: Petition For Discretionary Review must be filed with The Court of Criminal Appeals.

Abel Acosta, Clerk

DAVID SENDEJO
TDC# 1947386
ROBERTSON UNIT
12071 FM 3522
ABILENE, TX 79601

**THOMAS J. LEWIS**
ATTORNEY AT LAW
1602 WASHINGTON AVE.
HOUSTON, TEXAS 77007
TEL: (713) 868-0081
FAX: (713) 861-2951
E-MAIL: TJLAW2@COMCAST.NET

June 19, 2015

David Sendejo
TDCJ # 01947386
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

      RE:   **David Sendejo v. State of Texas**.
            No. 01-14-00697, 98-CR.
            First Court of Appeals.
            **VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Dear Mr. Sendejo:

      Enclosed is a copy of the Judgment and Opinion of the Court of Appeals in your case. Unfortunately, the Court has affirmed your conviction.

      Rule 48.4 of the Texas Rules of Appellate Procedure requires me to give you the following notice:

> **If you wish to appeal the ruling in your case, you may petition the State's highest criminal court, the Court of Criminal Appeals. The Court has discretion to accept or deny your petition. If you want to proceed on your own, you have the right to file a *pro se* Petition for Discretionary Review of the Appeals Court's decision with the Court of Criminal Appeals. You must file your petition within 30 days of June 18, 2015, the date the Appeals Court handed down its decision. The petition must be filed with the Clerk of the COURT OF CRIMINAL APPEALS, P.O. BOX 12308, AUSTIN, TX 78711. If you need more time than 30 days, you may file a request for an extension no later than 15 days after the due date. If you need more details, you should look at Rule 68 of the Texas Rules of Appellate Procedure.**

      If you have any further questions, please let me know.

                              Very truly yours,

                              Thomas J. Lewis

file