**BLD-090**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3249
_____

MICHAEL RINALDI,
Appellant

v.

JOHN DOE #1; J. BALTAZAR; JOHN DOE #2
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-17-cv-01090)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2018

Before:  RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: January 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Michael Rinaldi is an inmate who, at all times relevant to this case, was confined at the United States Penitentiary Canaan in Waymart, Pennsylvania. In June 2017, Rinaldi filed a complaint in the District Court against several prison officials claiming that he was being forced to perform manual labor at the prison in violation of his constitutional rights. Specifically, he objected to being forced to sweep and mop floors, clean and paint walls, and empty trash cans. He asked the District Court to declare the defendants' conduct unconstitutional and sought both compensatory and punitive damages. The District Court dismissed the complaint on the grounds that it was frivolous and failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Rinaldi appealed.[1]

We will dismiss the appeal because it has no arguable basis in law. 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court correctly concluded that Rinaldi failed to allege any facts to support a constitutional violation. First, he did not allege any facts to suggest that the manual labor of which he complained exceeded his sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nor did he allege any acts of deliberate indifference toward his physical condition so as to state an Eighth Amendment claim. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) ("[T]he Eighth Amendment does not apply unless prisoners

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

are compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain."). Lastly, it is well settled that being required to work while incarcerated does not amount to involuntary servitude in violation of the Thirteenth Amendment. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); Ali v. Johnson, 259 F.3d 317, 317–18 (5th Cir. 2001).[2]

Because Rinaldi's appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] The District Court did not err in dismissing the complaint without providing Rinaldi leave to amend it. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).